[Civ. No. 3466.  Second Appellate District, Division One.—November 25, 1921.]

O. N. LARSON, Respondent, v. C. D. TAYLOR et al., Appellants.

[1] LANDLORD AND TENANT—LEASE OF DAIRY FARM—ACTS OF LESSORS —INSUFFICIENT GROUND FOR DAMAGES FOR EVICTION.—A breach of a covenant by the lessors of a dairy farm to pay to the lessee a certain sum per month out of the proceeds realized from the sale of milk products, and the act of the lessors in plowing up a portion of the acreage and destroying the alfalfa crop growing thereon, are insufficient to constitute an eviction as a basis of an action for damages on such ground.

[2] ID.—ACTION FOR EVICTION—ALLEGED ABANDONMENT OF PREMISES— ABSENCE OF FINDING—EFFECT OF.—In an action for damages for an alleged eviction from a leasehold, the failure to find on the defense that the acts of the defendants in taking possession were justified by reason of a notification of abandonment of the prem-

---

1. Positive overt act of landlord as constituting constructive eviction, notes, 7 Ann. Cas. 593; 19 Ann. Cas. 690.

Right of tenant to treat interference with his possession as an eviction, and to recover damages for loss of unexpired term, note, 7 A. L. R. 1103.

ises was error, since a contract may be rescinded by consent of all the parties.

[3] Id.—Abandonment by Lessee—Retaking Possession by Lessors—Mutual Rescission.—Where the lessee of a dairy farm was unable to make a living thereon under the conditions of the lease and under the chattel mortgage given upon the dairy stock unless the contracts were modified, and she notified them of her intention of abandoning possession unless such modifications were made, their acts in taking possession did not amount to an eviction but an assent to her act of rescission.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Hickcox, Crenshaw & Trude for Appellants.

James W. Glassford and H. L. Welch for Respondent.

SHAW, J.—Action to recover damages for the alleged eviction of plaintiff from the possession of premises which she held under a lease from defendants, who appeal from an adverse judgment.

It appears that on June 11, 1919, defendants executed a lease to plaintiff of forty acres of land for a period of five years, at the term rental therein specified of six thousand dollars, to be paid in installments of one hundred dollars per month. On the same date a contract was executed between the parties whereby defendants sold to plaintiff a dairy herd of cows, together with other personal property, for the sum of four thousand two hundred dollars, payment of which plaintiff promised to make in installments of one hundred dollars or more per month, and to secure which she executed a chattel mortgage upon the property so purchased by her. It was agreed that all moneys realized by her from the sale of products from said cows, as well as that received from the sale of livestock disposed of, should be paid monthly, which sums, less fifty dollars per month which they were to pay plaintiff, were to be applied upon the rent due upon said lease, and any balance paid upon plaintiff's note so secured by the chattel mortgage. The dairy stock and other personal property were by defendants delivered to plaintiff, who, on the date mentioned,

entered into possession of the real estate and continued therein until September 5, 1919, a period of about four months, during which time defendants received checks for the milk products sold amounting during the period to the sum of three hundred dollars, which was applied to the rental of the property, under the terms of the lease; in addition to which, and from other sources, plaintiff paid them six hundred dollars upon the contract of sale of the personal property. Defendants, however, failed to pay plaintiff the sum of fifty dollars per month from said creamery checks, as they had agreed to do.

The court found that on June 28, 1919, defendants entered upon the land and plowed about four acres thereof, as a result of which the alfalfa pasturage thereon was destroyed; and that on September 5, 1919, without the consent of plaintiff, they seized all of the dairy stock and personal property so purchased by plaintiff from defendants and for the payment of which she had executed the chattel mortgage, and converted the same to their own use; that by reason of the nonpayment of the fifty dollars per month to plaintiff as stipulated in said contract, without which she had no means of subsistence, and the destruction of said four acres of pasturage on said premises on June 28, 1919, plaintiff was deprived of the beneficial use of said premises.

[1] Conceding that defendants breached their contract in the payment to plaintiff of fifty dollars per month and that by reason thereof she might have had a cause of action for damages, such fact, since it cannot be deemed to have interfered with her use and possession of the premises, did not constitute an act of eviction from the leasehold; and conceding, also, that defendants, as found by the court, destroyed four acres of the forty-acre tract of alfalfa, such fact, standing alone and without other evidence tending to show that it deprived plaintiff of the use of the tract, is likewise insufficient to constitute an eviction. Moreover, while plaintiff testifies that she did not consent to such act of defendants in destroying four acres of pasturage, she testifies the work was done with teams which she furnished therefor and by a man jointly employed by herself and defendants.

[2] As a further defense, it was alleged in the answer that, prior to defendants taking possession of the property, plaintiff notified them that she rescinded the contract and abandoned said leased premises and the livestock and implements in said contract described, and requested defendants to take charge thereof; and that their acts in taking possession of the property were due to the acts of plaintiff in so notifying them that she rescinded the contract and abandoned said leased premises and the livestock for the reason that she could not make a living upon the land under the terms of the contract. A contract may be rescinded by consent of all the parties. (Sec. 1689, Civ. Code.) The court made no finding upon the issue tendered, and in support of which evidence was offered by appellants. Such failure so to do constituted error.

It is apparent from the evidence that plaintiff, under the conditions of the lease and terms of the chattel mortgage given upon the dairy herd and personal property, was unable to make a living upon the ranch, and unless the contracts were modified by defendants in accordance with her request, she expressed the intention of abandoning possession of both the leasehold and personal property, and so notified defendants, who, while unwilling to change the contracts, by their acts in taking possession, assented to the plaintiff's acts of rescission.

[3] Conceding that defendants were guilty of a breach of their contract to pay plaintiff fifty dollars per month out of the creamery checks, thus rendering it impossible for her to successfully operate the ranch on account of insufficient funds, it devolved upon her to secure the same elsewhere, looking to defendants for such damages as she might be legally entitled to on account of the breach. At all events, it was not an act upon which to base a claim of eviction from the leasehold.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.