[Civ. No. 16093.   Second Dist., Div. Two.   Feb. 6. 1948.]

HENRY H. GUTTMAN, Appellant, v. DENISE M. BERRY et al., Respondents.

Ben C. Cohen and Irving Cohen for Appellant.

Bloom & Bloom and L. A. Bloom for Respondents.

McCOMB, J.—Plaintiff appeals from a judgment in favor of defendants after trial before the court without a jury in an ejectment action.

The evidence being viewed in the light most favorable to defendants (respondents) these are the essential facts:

Several years prior to March 4, 1944, defendants were in possession of premises known as "346 and 346½ North LaCienega, Los Angeles, California." This property was then owned by Charles H. MacDonald. It consists of two stores located upon a lot approximately 135 feet deep which adjoins a 20-foot alley. After taking possession of the property defendants built on the rear of the lot a garage 18 feet wide which was used for sandblasting. When first erected the structure did not meet the building requirements of the city of Los Angeles, and the then owner of the property, Mr. MacDonald, and defendants went to the city attorney's office, discussed the location of the garage, and subsequently with the full knowledge of Mr. MacDonald defendants removed the garage to the rear of the lot. Thereafter on March 4, 1944, Mr. MacDonald as lessor entered into a written lease with defendants as lessees covering the property described as "346 and 346½ North LaCienega Boulevard, Los Angeles."

At the time Mr. MacDonald leased the property to defendants he understood (1) that they were renting the stores and the yard back of them to the alley; also (2) that they could use the space back of the stores for any purpose they desired. On August 24, 1945, plaintiff purchased the above described property subject to defendants' lease from Mr. MacDonald and has been the owner thereof ever since. Plaintiff objected to defendants' occupying the premises in the rear of the two store buildings, and upon defendants' insistence upon their right to use the same the present action was instituted.

Plaintiff urges that the judgment should be reversed for the following reasons:

### FIRST

*There is no substantial evidence to sustain the trial court's findings: (i) that it is not true that plaintiff is entitled to the immediate possession of the property in the rear of the store buildings including the garage, and that defendants wrongfully refuse to surrender such premises to plaintiff; (ii) that it is true that defendants are rightfully in possession of the premises including the garage building in the rear of the two*

*stores; and (iii) that it is true that the real property described in the written lease between defendants and Mr. MacDonald is a portion of the property in the rear of the two stores; that defendants are in possession of such property pursuant to such lease; and that they erected with the consent and knowledge of Mr. MacDonald on the rear of the leased lot a garage building to be used in connection with their business.*

This proposition is untenable. Defendants testified that they went into possession of the property in question under an oral agreement with Mr. MacDonald; that thereafter they erected, next to the store building, a garage which was used for sandblasting purposes; that the city building inspector ordered them to move it away from the main building because it was not fireproof and had to be detached from any other building to comply with the city ordinance; and that Mr. MacDonald and defendants went to the city attorney's office where the matter was discussed and the latter suggested that the building would be legal if placed adjacent to the alley. Whereupon the building was moved to its present location. As thus reconstructed defendants were using and occupying the property at the time the written lease was executed on March 4, 1944. The lessor knew the premises were so occupied by defendants and the purpose for which they were using it, to which he consented.

Clearly such testimony constituted substantial evidence together with the inferences which may be drawn therefrom to sustain each and every one of the questioned findings of fact. Further discussion of the evidence would serve no useful purpose. (*Estate of Isenberg,* 63 Cal.App.2d 214 [146 P.2d 424].)

*Bellon* v. *Silver Gate Theatres, Inc.,* 4 Cal.2d 1 [47 P.2d 462], relied on by plaintiff, is inapplicable for the reason that in the cited case it was an undisputed fact that when the lease between the parties was made the basement room which lessee claimed the right to occupy was not used as a part of the ''sweet shop'' which was leased, nor was the basement necessarily used with or reasonably necessary to the enjoyment of the demised premises. Likewise during the negotiations for the lease the basement was never mentioned and no request to use it was made. Since in the case at bar there is abundant evidence that the rear portion of the southerly 28 feet of the lot was continuously and constantly used by defendants, and that it was necessary for the business of

defendants that it be used for the proper enjoyment of the demised premises, and permission was granted to use it, it was thus included in the lease.

The case of *Blair* v. *Wessinger*, 39 Cal.App. 269 [178 P. 545], also relied upon by plaintiff, is not here applicable. In the cited case the question arose whether the small store in the rear of a corner store described by street number in the lease but which was fronting on another street and had its own street number was included in the lease. The court held that it was not included. However, the circumstances in such case disclosed that one Buttner was the agent of defendants in the negotiation of the lease, and that Sterling Carr was their attorney while George Starr was the agent of plaintiff in the action. A letter from Mr. Starr to Mr. Carr was received in evidence by which the defendants' attorney was directly informed that the subject matter of the lease was the "store for a saloon at the northwest corner of Mason and Ellis streets, *not including the small store.*" From the foregoing evidence the trial court was justified in finding that the small store was not included in the lease, although the space was larger than the actual dimensions of the corner store.

In the present case there is no specific mention of excluding the southerly 28 feet of the lot, but on the contrary the actions of all the parties indicated that it was included in the leased premises.

### SECOND

*The trial court committed prejudicial error in permitting parol evidence for the purpose of ascertaining the extent of the property covered by the written lease.*

This proposition is likewise untenable and is governed by these settled rules of law:

1. If a lessee takes possession of property under a lease containing an ambiguous and uncertain description of the property to be occupied and pays the stipulated rent it will be enforced as a lease if the parties act upon it as relating to particular premises. (*Beckett* v. *City of Paris Dry Goods Co.*, 14 Cal.2d 633, 637 [96 P.2d 122].)

2. If a lease is silent as to the quantity of land to which the lessee is entitled, parol evidence to determine the amount of land leased is admissible. (*Fricke* v. *Braden*, 55 Cal.App.2d 266, 271 [130 P.2d 727]; *Scheimer* v. *James*, 53

Cal.App. 207, 210 [199 P. 827]; Code Civ. Proc., §§ 1856, 1860; Civ. Code, § 1647.)

Applying the foregoing rules to the facts of the present case it is clear that when the leased property was described as the property located at "346 and 346½ North LaCienega, Los Angeles" the lease was ambiguous as to the extent of the property demised. Therefore it was proper for the trial court to receive evidence showing the agreement between the parties, if any, as to the property which they intended to be covered by the description and the actual conduct of the parties in construing the description in the written lease. Here the conduct of the lessee and the lessor clearly shows that they understood the description as including as leased the property in question upon which the garage building was erected by defendants.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.