BRADSHAW, J.
 

 This case is an action to recover rent alleged to be due to appellant by virtue of a written lease of real property.
 

 On August 27, 1952, the appellant, who was plaintiff in the trial court, entered into a written lease (Exhibit 1) with the defendants for the use of the premises at 505 19th Street in the city of Bakersfield. These premises consisted of a large one-story structure of approximately 13,230 square feet of floor space (Plaintiff’s Exhibit 2). The lease was in writing and was for a term of one year, with option of lessee to renew, and fixed the rental at $4,800 per annum, payable monthly (Exhibit 1). Another provision of the lease was to the effect that the lessees had inspected the building and were
 
 *864
 
 thoroughly familiar with its condition, and accepted the building in the condition it was. The destructive earthquake had occurred a few days prior to the time of making the lease and had damaged the building in some respects, and this was known to lessees at the time of the execution of the lease (R.T. p. 35). The lessees are in the general merchandise business and moved into the premises forthwith with their business. Within a few days subsequent to their moving in, the lessees were required by the municipal authorities to close for a day or two (R.T. p. 11, 1.23); then about two or three weeks later the rear wall was torn down and a plywood wall or partition was erected farther in than the original. The facts are disputed as to area that was lost to the lessees by reason of this alteration, respondents claiming some 2,500 square feet and appellants asserting that the loss approximated 1,000 square feet. The availability to the lessees of the toilet facilities is also disputed.
 

 The lessees remained in possession and occupancy of the premises in excess of six months after the above described alterations were made, then vacated the premises leaving five months to run on the lease and $2,000 unpaid on the agreed rental.
 

 The plaintiff sued for the balance of the rent and defendants set up by way of defense (1) constructive eviction and (2) failure to repair. There is no dispute that the $2,000 remains unpaid. No written findings were made by the trial court. It is the rule under these circumstances that the appellate court will presume that the trial court made whatever findings that are necessary to support the judgment (4 Cal.Jur.2d, p. 760).
 

 Over plaintiff’s objection much evidence was admitted at the trial to show that plaintiff promised to repair or replace the rear wall by a permanent wall (R.T. p. 24, 1.21 to p. 26, 1.12) and defendant relies upon this evidence to support his theory of a breach of covenant to repair. The lease in question expressly provides as follows :
 

 “The Lessee has inspected the above described premises, is thoroughly familiar with the condition thereof, and accepts the same in such condition and will maintain the same in the condition that said premises now are except for damages caused by the elements, fire or earthquake.”
 

 The only reasonable interpretation of this provision would seem to be that the lessees themselves had expressly waived any obligation to repair, and where the parties have
 
 *865
 
 thus expressly agreed, no covenant to repair may be implied against the owner
 
 (Kushner
 
 v.
 
 Home Service Co.,
 
 91 Cal.App. 692 [267 P. 555].) It would appear, also, that the admission of evidence in support of the theory of an alleged oral agreement to repair
 
 against the lessors
 
 was error in itself. One of the most elemental principles of law is that a written instrument, such as plaintiff’s Exhibit 1 may not be varied by evidencé of an oral agreement that contravenes the terms of the written instrument (Civ. Code, § 1698) and it is error for the court to consider such evidence as the basis for any finding of fact
 
 (Harding
 
 v.
 
 Robinson,
 
 175 Cal. 534 [166 P. 808];
 
 Shiver
 
 v.
 
 Liberty Building-Loan Assn.,
 
 16 Cal.2d 296 [106 P.2d 4]).
 

 Defendant also alleges a constructive eviction by reason of the loss of some square footage in the rear of the building occasioned by the erection of the plywood wall. It appears that this wall was necessary and no objection by defendants was ever made during its construction (R.T. p. 32, 1.11 to p. 33, 1.15) and the defendants continued to occupy the premises for some six months after the temporary wall was erected, then they moved out.
 

 To constitute constructive eviction, the lessee (1) must be deprived of a substantial part of the leased premises, (2) and must elect to surrender possession
 
 (Tregoning
 
 v.
 
 Reynolds,
 
 136 Cal.App. 154 [28 P.2d 79]), and this surrender must be done within a reasonable time (32 Am.Jur. 231, 232, 237). Many cases hold as a matter of law one month is a reasonable time (Am.Jur.,
 
 supra).
 
 And it would seem that retaining possession for at least one half of the term of the lease and in this case, more than six months, should be held to be
 
 beyond
 
 a reasonable time to allow the lessee to make his election.
 

 The judgment is reversed and the court directed to enter judgment for plaintiff.
 

 Lambert, P. J., and Main, J., concurred.