[Civ. No. 6755. Fourth Dist. June 19, 1962.]

STANLEY S. SIERAD et al., Plaintiffs and Respondents, v. WILLIAM F. LILLY, Defendant and Appellant.

Plourd & Work and Don R. Work for Defendant and Appellant.

C. F. Sturdevant, Jr., for Plaintiffs and Respondents.

SHEPARD, Acting P. J.—This is an appeal by defendant from a judgment in favor of plaintiffs for damages for constructive eviction from leased premises, judgment for cross-defendant on the cross-complaint and judgment for plaintiffs on defendant's counterclaim. Defendant purports to appeal from the order denying motion for new trial.

### FACTS

The facts shown by the record are that on June 25, 1956, defendant was the owner of property having 178 or more feet of frontage on the west side of Imperial Avenue, El Centro, California. The south 50 feet of the frontage was occupied by a service station. The next 10 feet north of the service station was occupied by a private driveway. The next 18 feet north of the driveway was occupied by the English Village Motel office. The next 28 feet north of the office was occupied by a liquor store, leased on that date to Joseph Santurro, plaintiffs' predecessor in interest, and the premises subject of this dispute. Next north of the store was a 10-foot private driveway. Next north of said driveway were the English Village Motel rooms and the parking area there occupying 62 feet plus. All buildings appeared to be set back about 21 feet from curb line. A yard was in front of the store for 18 to 20 feet

from the north edge of the store leaving parking room for only one vehicle in front of the store.

Thus, the total parking space between the yard in front of the store and the 10-foot driveway adjacent to the motel office was sufficient for about four vehicles. Curb parking on Imperial Avenue was available in front of the store yard for only one vehicle, since all other curb space in the immediate vicinity was driveway.

The lease from defendant to Santurro for use of the premises for an off-sale liquor business describes only the store building itself, 28 by 24 feet in size except that the store building appeared from the wording of the lease to be in the process of completion and the lease stated that lessor shall provide additional storage space for lessee's stock, in the rear of the premises. Lessor agreed to provide water. Lessee agreed to pay other utility charges. No reference is made to what the parties intended regarding parking space or ingress and egress. The period of the lease was five years at a rental of 3 per cent of gross sales with a minimum rental of $200 per month. The sum of $1,200 was paid as a deposit to lessor by lessee representing the last six months of minimum rental. On May 25, 1957, with lessor's consent, plaintiffs acquired Santurro's lease interest.

For the first 14 months of operation everything was harmonious. All of the parking spaces in front of the store and office were used by plaintiffs' customers. About July or August 1957 defendant sold the motel on conditional contract of sale to Julia Thoennisen (also called Tennison) without reserving the space in front of the motel office or the driveway for parking for plaintiffs' customers. After the sale to Thoennisen, she ordered plaintiffs' customers out of the parking spaces theretofore used by plaintiffs' customers adjacent to the motel office. She caused a "No Parking" sign to be painted there. She caused a car to be parked there to prevent plaintiffs' customers from parking. She forbade the use by delivery trucks of the driveway adjacent to plaintiffs' store for delivery of stock to the store. Customers and trucks had used the driveway regularly up to that time. She and her employees and brother cursed plaintiffs' customers and threatened to fight them. The result was that plaintiffs lost customers. Plaintiffs asked defendant for the extra storage space provided by the lease. Defendant refused to provide it. This necessitated the storage of stock inside the salesroom, materially decreasing its usable size. At times plaintiffs rented

additional outside space. Mrs. Thoennisen threatened to turn off plaintiffs' water. Plaintiffs were forced to pay her for water. A new water meter was finally installed by defendant. Trouble developed over the location of plaintiffs' compressor, which she claimed was located on her motel property. Trouble developed over electricity, which defendant had not segregated at the time he sold to Thoennisen. Eventually, after many complaints to defendant without results, plaintiffs surrendered possession to defendant and terminated the lease.

There were some conflicts in the evidence but those conflicts were resolved against defendant by the trial judge. On appeal, this court will not reweigh the evidence. (*Estate of Arstein,* 56 Cal.2d 239, 240 [1] [14 Cal.Rptr. 809, 364 P.2d 33].)

## Constructive Eviction

Defendant first contends that there was no evidence of any constructive eviction by defendant. ■■ Defendant correctly states the rule of constructive eviction as follows:

"It is settled, however, that there need not be actual dispossession of the tenant from the leased premises. An eviction may be actual, as where there is a physical expulsion, or it may be constructive as where, though amounting to an eviction at law, the tenant is not deprived of actual occupancy. Any disturbance of a tenant's possession by a landlord or by someone acting under his authority, whereby the premises are rendered unfit for occupancy for the purpose for which they are demised, or the tenant is deprived of the beneficial enjoyment of the premises, amounts to a constructive eviction." (*Giraud* v. *Milovich,* 29 Cal.App.2d 543, 547 [1] [85 P.2d 182].) See also *Kulawitz* v. *Pacific etc. Paper Co.,* 25 Cal.2d 664, 670 [5] [155 P.2d 24]; *Lindenberg* v. *MacDonald,* 34 Cal.2d 678, 690 [214 P.2d 5, 14 A.L.R.2d 1436]; *Pierce* v. *Nash,* 126 Cal.App.2d 606, 612 [272 P.2d 938].)

The reasonable necessity of ingress and egress and of parking space for the operation of such a business hardly needs discussion. That the parties had in mind such necessity when executing the lease falls in the same category. Nothing was actually said in the lease on the subject. ■ However, it is well established that the intention of the parties as to just what property was to be occupied as essential to the use and enjoyment of the described premises is to be ascertained from the circumstances at the time the lease is entered into. (*Guttman* v. *Berry,* 83 Cal.App.2d 507, 510 [3] [189 P.2d 41].)

"Rights and easements may and do pass to lessees by implication, 'but where the express words of the grant are not sufficient, the implication which supplies those words flows either from a *reasonable necessity,* or, considering all the circumstances, from the *manifest intention* of the parties.' " (*Mayer* v. *Hazzard,* 10 Cal.App.2d 1, 4 [51 P.2d 189].)

"A lease of a part of a building passes with it, as an incident thereto, everything necessarily used with or reasonably necessary to the enjoyment of the part demised. (*Owsley* v. *Whelan Drug Co.,* 83 Cal.App.2d 454, 457 [189 P.2d 50].) (See also *Bellon* v. *Silver Gate Theatres, Inc.,* 4 Cal.2d 1, 11 [2] [47 P.2d 462]; *Runyon* v. *City of Los Angeles,* 40 Cal. App. 383, 387 [3] [180 P. 837]; *Ng.* v. *Warren,* 79 Cal.App.2d 54, 61 [3] [179 P.2d 41]; *Owsley* v. *Hamner,* 36 Cal.2d 710, 716, 717 [2] [227 P.2d 263, 24 A.L.R.2d 112].)

### Acts of Parties

■ The acts of the parties respecting the subject matter of a contract and before any dispute has arisen, thus evidencing the practical construction given by the parties themselves, is given weight by courts in attempting to arrive at the parties' intent. Courts are not blind to a measure of truth in the ancient adage, "Actions speak louder than words." (*Retsloff* v. *Smith,* 79 Cal.App. 443, 452 [8] [249 P. 886]; *Tennant* v. *Wilde,* 98 Cal.App. 437, 453 [8] [277 P. 137]; *Universal Sales Corp.* v. *California Press Mfg. Co.,* 20 Cal.2d 751, 761 [4] [128 P.2d 665]; *Bergin* v. *van der Steen,* 107 Cal.App.2d 8, 13 [3] [236 P.2d 613]; *Kohn* v. *Kohn,* 95 Cal.App.2d 703, 713, 714 [1b] [214 P.2d 71]; *Lawrence Block Co.* v. *Palston,* 123 Cal.App.2d 300, 311 [20] [266 P.2d 856].)

■■ With these principles in mind, it is apparent that the evidence supports the conclusion of the trial court that the parties recognized and intended that the parking spaces adjacent to the front of the motel office and in the private driveway on the north side of the store, space for the plaintiffs' compressor plant in the rear, free water and additional storage space in the rear for plaintiffs' stock were reasonably necessary for the useful occupancy of the premises by plaintiff and that all were expressly or by implication included in the lease.

### Acts of Lessor

Defendant sold the motel premises to Thoennisen without any reservation of parking space for plaintiffs' business, without providing the water promised by the lease, without any

provision for the additional storage space in the rear of the store as promised by the lease and without reservation for plaintiffs' compressor.

Defendant by selling, without reservation on any of these matters, the balance of the property to Julia Thoennisen, in effect denied to her that plaintiffs had any rights to the uses above referred to and gave her authority to do the acts of ouster complained of. The question as to whether or not plaintiffs' right of quiet enjoyment was substantially interfered with became one of fact for the trial court. On the sum total of the evidence we are satisfied that the trial court's conclusion that plaintiffs were constructively evicted by breach of the covenant of quiet enjoyment (Civ. Code, § 1463) is supported by the evidence. (*James* v. *Haley,* 212 Cal. 142, 146 [2] [297 P. 920].)

We do not here have a case of temporary trespass such as is discussed in *North Pac. S.S. Co.* v. *Terminal Inv. Co.,* 43 Cal.App. 182 [185 P. 205], nor an abandonment because lessee could not make a living under the contract as is recited in *Larson* v. *Taylor,* 55 Cal.App. 370 [203 P. 422], nor a finding of fact that there was no eviction without factual details given as is true in *Walmsley* v. *Holcomb,* 61 Cal.App.2d 578 [143 P.2d 398] and *Tregoning* v. *Reynolds,* 136 Cal.App. 154 [28 P.2d 79], nor the erection of a temporary wall to replace one which lessees, at time of lease, knew had been damaged by earthquake, the lessees accepting lease with specific provision against lessor's obligation to repair, as is shown in *Bakersfield Laundry Assn.* v. *Rubin,* 131 Cal.App. 2d Supp. 862 [280 P.2d 921].

## DAMAGES

Defendant next claims that the $1,200 prepaid rent should not have been awarded to plaintiffs. This contention is based on the view that the trial court's finding of constructive eviction was erroneous. As above pointed out, such finding was not error. The contention here made regarding prepaid rent thus fails to have merit. (*Johnson* v. *Snyder,* 99 Cal.App.2d 86, 89 [4] [221 P.2d 164] ; *Friedman* v. *Isenbruck,* 111 Cal.App.2d 326, 335 [8] [244 P.2d 718].)

The purported appeal from the order denying defendant's motion for a new trial is dismissed since that is not an appealable order.

The judgment is affirmed.

Coughlin, J., concurred.