[Civ. No. 27209.    Second Dist., Div. Four.    Oct. 29, 1963.]

KARL R. GROH et al., Plaintiffs and Respondents, v. KOVER'S BULL PEN, INC., et al., Defendants and Appellants.

Milo V. Olson, Paul B. Noel and Frank D. Marco, Jr., for Defendants and Appellants.

John P. McGinley, Robert H. Dietrich and Bertram L. Linz for Plaintiffs and Respondents.

BURKE, P. J.—Plaintiffs, as lessee, sued defendants, as lessor, under a written lease, for the recovery of the security deposit in the sum of $28,800 paid defendants at the inception of the lease, and for damages, for breach of the covenant to maintain the premises in useful condition. More particularly, the alleged failure was to repair the roof of the premises which leaked during the rainy season each year.

Defendants cross-complained against plaintiffs, alleging certain failures of plaintiffs to operate the business properly and to maintain their heating and cooling equipment on the roof of the premises causing the damages and leaks of which plaintiffs complained. Defendants asserted that plaintiffs were barred from any recovery by estoppel and laches in accepting the conditions for a period of four years allegedly without complaint or demand to make repairs.

After trial, judgment was entered for plaintiffs based upon constructive eviction for failure of defendants to repair the roof of the premises.

Essentially, defendants' appeal is based upon alleged insufficiency of evidence to justify the finding that plaintiffs were constructively evicted.

The leased premises were comprised of a cocktail lounge and restaurant which was operated 24 hours a day. The lease was for a term of 10 years in the total rental amount of $240,000, payable $2,000 per month. As stated, an initial deposit of $28,800 was made to be held by defendants as security for the performance of the terms of the lease by lessee and to be ultimately applied in payment of the last months' rental to the extent of the amount then on deposit. By the terms of the lease defendants specifically undertook to repair the exterior walls and roof of the premises.

Plaintiffs commenced their occupancy of the premises in December 1955 and for four years and two months operated their business therein. During the first rainy season constant and continuous leaks occurred which grew progressively worse and became more numerous during subsequent rainy seasons throughout the entire period of plaintiffs' occupancy. The rain water dripped upon and ran down the beams, walls and partitions and formed puddles of water upon the floor. Containers were used to catch the leaking water; the water caused hazardous and dangerous conditions to employees and patrons alike from possible slipping or falling and caused the

plaintiffs to lose customers and suffer resulting monetary loss. Such conditions interfered in a material and substantial manner with the beneficial enjoyment of the premises by plaintiffs.

Plaintiffs afforded defendants every opportunity to remedy such conditions, and while defendants repeatedly promised that the conditions would be remedied, and did on several occasions make attempts to repair, the conditions complained of continued. By letter December 24, 1959, plaintiffs notified defendants to remedy the leaking conditions of the premises immediately and upon defendants' failure to remedy such condition plaintiffs served a written notice of termination of their lease on February 21, 1960, to become effective on February 29, 1960.

The record is voluminous with respect to the proof of the leaking of the roof during rainy seasons which was the condition found by the court to constitute constructive eviction. The principal argument raised by defendants to oppose the contentions of plaintiffs is that such condition merely amounted to an inconvenience and not such a substantial deprivation of the use and enjoyment of the leased premises as to constitute constructive eviction.

█ A constructive eviction occurs when the acts or omissions to act of a landlord, or any disturbance or interference with the tenant's possession by the landlord, renders the premises, or a substantial portion thereof, unfit for the purposes for which they were leased, or has the effect of depriving the tenant for a substantial period of time of the beneficial enjoyment or use of the premises. (*Sierad* v. *Lilly,* 204 Cal.App.2d 770 [22 Cal.Rptr. 580].) █ There can be no doubt from the record that the leaky condition of the roof of the leased premises in the instant case could have constituted constructive eviction, and since this was the factual determination of the trial court its conclusion of law and judgment will not be disturbed.

█ Defendants assert that the covenant to repair the roof was independent of the covenant to pay rent and that any failure on defendants' part did not justify termination of the lease but was compensable in damages. This contention is of no avail as the covenant undertaken by defendants to repair the roof goes to the very root of the consideration for the lease. █ A lessee is not obligated to continue to occupy untenantable premises. (*Tregoning* v. *Reynolds,* 136 Cal.App. 154 [28 P.2d 79].)

■ Defendants' contention that plaintiffs waived any cumulation of acts or series of breaches and are estopped to claim constructive eviction is likewise unavailing. (*Butt* v. *Bertola*, 110 Cal.App.2d 128, 130 [242 P.2d 32] ; *Tooke* v. *Allen*, 85 Cal.App.2d 230 [192 P.2d 804] ; *Sanders* v. *Allen*, 83 Cal.App.2d 362 [188 P.2d 760].)

The court determined that plaintiffs were justified in relying upon defendants' continued promises, supported by their partial efforts, to repair the defects in the roof and no waiver resulted in defendants' favor. This likewise is a factual determination of the trial court which is well supported in the record.

■ The contention of defendants that the $28,800 deposit was prepaid rental is unfounded. In the lease defendants acknowledge the receipt of such sum as security for the faithful performance of the lease by lessee. No ambiguity appears in the contract and no oral evidence could be received to alter its obvious meaning.

Defendants claim plaintiffs' negligence contributed to the cause of the leaks in that three or four times a week they would have occasion to walk on the roof in the maintenance of the equipment stationed there and thereby caused the leaks in the roof. The trial court did not find that there was any negligence or fault resulting from plaintiffs' conduct, another factual determination which finds support in the evidence. The defendants reserved the right of access to the roof with the obligation to keep it in repair. The plaintiffs, in the lease, had waived their right to make repairs under section 1942 of the Civil Code. ■ The obligation to repair cannot be shifted to the tenant where the tenant and lessor have expressly bargained to the contrary as a material part of the consideration for the lease. It cannot be contended that plaintiffs could or should have prevented defendants from violating their own covenant to repair the roof by performing such covenant for defendants.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.