59 Cal.Rptr. 806]

## Appellate Department, Superior Court, Los Angeles

[Civ. No. A11543.   May 16, 1967.]

CONNIE BUCKNER, Plaintiff and Respondent, v. MOSHE AZULAI et al., Defendants and Appellants.

Griffin & Krieger for Defendants and Appellants.

Gordon & Horowitz and Hyman Smith for Plaintiff and Respondent.

WHYTE, J.—Plaintiff tenant sued for damages alleged to have been caused by infestation of the premises let by vermin, to-wit psocids, causing a constructive eviction. The only damage awarded was the return of the deposit for the last month's rental. Defendant landlord appeals.

*Warren* v. *Willett* (1940) Civ. A 4824 (unreported decision of this court) has much in common with this case. There the trial court found for the tenant on two possible theories, constructive eviction and fraudulent concealment of a known condition of infestation. This court affirmed. Unless we are to distinguish that case and limit its holding solely to fraud, it is controlling here. For reasons hereinafter stated, we believe the constructive eviction ground good.

Unless its provisions were validly waived, Civil Code section 1941 required the defendant landlord to put the premises in a condition for occupancy and maintain such condition.

The attempted waiver of this provision found in the usual form in paragraph 4 of the lease was not binding upon the tenant under the facts of this case for two reasons.

First, such waivers are strictly construed. *Butt* v. *Bertola* (1952) 110 Cal.App.2d 128 [242 P.2d 32]. The respondent

only purported to waive the section insofar as apartment 305 was concerned. She did not waive the duty as to other parts of the building. The evidence showed that the infestation came from walls, floors, ceilings and other sections of the building and was present in other apartments. The tenant could not by her actions in apartment 305 cure said infestations or prevent reintroduction into her premises from these outside sources. Conditions allowed to exist in a portion of the building other than the demised premises may cause a constructive eviction. *Butt* v. *Bertola, supra*; *Groh* v. *Kover's Bull Pen, Inc.* (1963) 221 Cal.App.2d 611 [34 Cal.Rptr. 637].

■ Second, housing regulations adopted to preserve the health and safety of the community require the landlord to keep the premises free from vermin. (8 Cal. Admin. Code, § 17906 which in this regard is a continuation of the requirement formerly found in Health & Saf. Code, § 17811.) Any attempted waiver of such a duty so imposed by law is invalid. *Halliday* v. *Greene* (1966) 244 Cal.App.2d 482 [53 Cal.Rptr. 267].

Except for *Warren* v. *Willett* above referred to there is no case in point in California. The out-of-state cases pertaining to vermin infestation are divided. However, we feel the better rule is as above set forth and applied in *Delamater* v. *Foreman* (1931) 184 Min. 428 [239 N.W. 148]; *Ray Realty Co.* v. *Haltzman* (1938) 234 Mo.App. 802 [119 S.W.2d 981]; *Schiff* v. *Peck* (1937) 288 Ill.App. 625 [6 N.E.2d 509]. Contra *Jacobs* v. *Morand* (1908) 59 Misc.Rep. 200 [110 N.Y.S. 208]; *Davenport* v. *Squibb* (1947) 320 Mass. 629 [70 N.E.2d 793].

As is stated in *Pines* v. *Perssion* (1961) 14 Wis.2d 590 [111 N.W.2d 409]; "To follow the old rule of no implied warranty of habitability in leases [of accommodations for housing] would, in our opinion, be inconsistent with the current legislative policy concerning housing standards. The need and social desirability of adequate housing for people in this era of rapid population increases is too important to be rebuffed by that obnoxious cliché, *caveat emptor*."

The judgment is affirmed. Respondent to recover her costs on appeal.

Aiso, P. J., and Meyer, J., concurred.