GIBBONS *v.* MOORE.

Opinion delivered April 10, 1911.

1. COVENANTS FOR TITLE—STATUTORY COVENANT.—Under Kirby's Digest, § 731, the use of the words "grant, bargain and sell" in a conveyance of land, without words of limitation, is equivalent to covenanting (1) that the grantor is seized in fee; (2) that he has good right and full power to convey; (3) that the grantee shall quietly enjoy the premises; and (4) that the premises are free from incumbrances done or suffered by the grantor. (Page 503.)

2. DEFINITION—INCUMBRANCES.—Incumbrances are any rights to interests in land which may subsist in third persons, to the diminution of the value of the land, and not inconsistent with the passing of the fee of same by deed. (Page 504.)

3. COVENANTS—WHEN RUN WITH LAND.—A covenant for quiet enjoyment of land is a covenant which runs with the land, for breaches whereof the grantee, his heirs or assigns, may sue as if it were expressly inserted in the conveyance. (Page 504.)

4. SAME—WHEN BROKEN.—A covenant for quiet enjoyment, implied by virtue of Kirby's Digest, § 731, was broken where a title paramount to that of the grantee's was held valid in a suit against them to which their grantor was a party. (Page 504.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

STATEMENT BY THE COURT.

This was a suit for breach of warranty against John P. Moore, who on September 24, 1895, conveyed certain lands to J. W. Gibbons for a certain consideration by deed, the granting clause of which reads:

"The said first party hereto does by these presents grant, bargain, sell and deliver unto said second party the lands [describing them]. To have and to hold the aforesaid granted tract of land to said second party hereto * * * and unto his heirs and assigns in fee simple forever."

In 1866 the lands were conveyed to Mrs. Boush and her bodily heirs, and, she having died in 1907 without bodily heirs, her grantor sued and recovered the land. In the meantime she had mortgaged the lands, the mortgage had been foreclosed, and appellee purchased them at the foreclosure sale, thereafter conveying them to J. W. Gibbons by the aforesaid deed. There was no express warranty in the deed.

The court found that the lands were conveyed by a deed containing the words already set out, and that appellee was not at the time of the conveyance thereof to Gibbons seized of an indefeasible estate in fee simple, but only of a life estate therein, and that plaintiffs had been evicted by a judgment of court in the suit in which appellee was made a party adjudging a paramount title in another claimant, that there was no breach of the covenant of warranty contained in the deed from Moore to Gibbons, and that the damages occasioned by the eviction was the sum of $960; and rendered judgment, from which this appeal is brought.

*T. K. Riddick, R. W. Nicholls* and *Percy & Hughes,* for appellants.

1. The words "grant, bargain and sell" import a covenant of warranty, and there was a breach thereof whereby appellee became liable. Kirby's Dig. § 731; 24 Ark. 442; 74 *Id.* 348; 22 *Id.* 72; 1 *Id.* 323; 26 Miss. 599; 71 *Id.* 61.

2. The issues here were not raised in the former suit, and the plea of *res judicata* is frivolous.

*P. R. Andrews* and *J. M. Jackson,* for appellee.

The words "grant, bargain and sell" do not import a general covenant of warranty under sec. 731, Kirby's Digest. 22 Ark. 72; 2 Binn. (Pa.) 95; 11 Serg. & R. 109; 3 Penn. 322; 74 Ark. 348; 66 Tex. 387; 24 Ohio 466; 15 N. Y. 492; 4 Mass. 627; 71 Miss. 61; 13 So. 882; 82 Ark. 209.

KIRBY, J., (after stating the facts). It is contended that the grantor, having conveyed the lands by the use of the words "grant, bargain and sell," thereby created an express covenant of general warranty as effectually, because of the statute (section 731, Kirby's Digest), as though a general warranty clause had been inserted in the deed. The statute reads:

"All lands, tenements and hereditaments may be aliened and possession thereof transferred by deed without livery of seizin, and the words 'grant, bargain and sell' shall be an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, free from incumbrance done or suffered from the grantor, except rents or services that may be expressly reserved by such deed, as also for the quiet enjoyment thereof against the grantor, his heirs and assigns, and from the claim or demand of all other persons whatsoever, unless limited by express words in such deed." Kirby's Digest, § 731.

In *Davis* v. *Tarwater,* 15 Ark. 289, the court, discussing the covenants generally inserted in conveyances and substituted for the general warranty of title contained in ancient deeds which had been long disused, said: "These covenants are (1) that the grantor is seized in fee; (2) that he has good right and full power to convey; (3) that the grantee shall quietly enjoy the premises; (4) that the premises are free from incumbrances, and (5) that the grantor will make further assurance of title," etc. And further: "Under our statute the words 'grant, bargain and sell' import the first four covenants named, unless limited by express words."

In *Winston* v. *Vaughan,* 22 Ark. 75, the court only held that the covenant against incumbrances created by the use of said words was expressly limited by the statute to those done or suffered from the grantor," etc., saying: "If this question were not settled by the high authorities to which we have referred, we

should find no difficulty in holding, from what would seem to be the obvious reading of the statute, that the grantor is not responsible on the statutory covenant for incumbrances other than those done or suffered by himself."

"Incumbrances have been lucidly and briefly defined as any rights to interests in land which may subsist in third persons, to the diminution of the value of the land, and not inconsistent with the passing of the fee of same by deed." I Warvelle on Vendors, § 312. See also Rawle on Covenants, § 75; 16 Am. & Eng. Ency. of Law, p. 158; *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 350.

The covenant for quiet enjoyment, like the covenant of warranty, is one that runs with the land. *Logan* v. *Moulder,* 1 Ark. 313. This statute says that the use of said words "grant, bargain and sell" "shall be an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, * * * as also for the quiet enjoyment thereof against the grantor, his heirs and assigns, and from the claim or demand of all other persons whatsoever, unless limited by express words in such deed."

There were no words in this conveyance limiting this covenant, and it was for quiet enjoyment "against the grantor, his heirs and assigns, and from the claim or demand of all other persons whatsoever," and in effect a covenant of general warranty, which is the same as one for quiet enjoyment." Rawle on Covenants for Title, § 114; 3 Washburn on Real Property, § § 2388-89; 2 Words & Phrases, 1697.

The grantee, his heirs or assigns, may assign breaches of this covenant in any action as if it were expressly inserted in the conveyance. Kirby's Digest, § 732.

Appellee having been brought into a suit against appellants on their motion as voucher, in which a title paramount to theirs received from said appellee was held valid and they were evicted by judgment therein from said lands, the breach of the covenant of quiet enjoyment and warranty created by the statute was established. It follows that the court erred in rendering the judgment it did, and that judgment should have been rendered for appellants in the sum of $960, the amount of damages found

by the court to have been suffered because of the breach of· the covenant and eviction from the premises.

The judgment is reversed for said error, and a judgment for said sum will be entered here.