LAMMERS *v.* AMERICAN SOUTHERN TRUST COMPANY.

Opinion delivered February 28, 1927.

1. COVENANTS—BREACH OF WARRANTY OF TITLE—COMPLAINT.—In an action for breach of warranty of title, a complaint which alleges neither an eviction nor a total failure of title is demurrable.

2. FRAUD—MISREPRESENTATION—JURY QUESTION.—In an action for false representations, evidence *held* sufficient to make it a jury question whether false representations as to the rents to be received were made to plaintiffs for the purpose of inducing them to buy the property, and whether the representations had that effect.

3. FRAUD—WHEN ACTIONABLE.—For representations to be fraudulent in law, they must be material to the contract or transaction, and must be made by one who either knows them to be false, or, not knowing, asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect.

4. FRAUD—LIABILITY FOR MISREPRESENTATION—INSTRUCTION.—In an action for false representations, an instruction that plaintiffs, to recover, must show that defendants made false representations, or else, not knowing. whether true, asserted them to be true, with the intention of deceiving plaintiffs, and on which they acted, *held* erroneous, since, under the instruction, one would be responsible for misrepresentations whether he intended to deceive the party to whom they were made or not, provided such party acted thereon and had a right to rely thereon.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

*J. E. Ray,* for appellant.

*Henry E. Spitzberg,* for appellee.

HUMPHREYS, J. Appellants brought this suit against appellees in the circuit court of Pulaski County to recover $300 and interest upon the following grounds:

First. Upon the alleged breach of warranty of title to lots 10 and .11, block 1, Pulaski Heights Addition to Little Rock, Arkansas.

Second. Upon fraudulent misrepresentations concerning the terms of an existing lease upon a part of said property held by the Cox Stores, which they had procured from a former owner thereof.

A specific demurrer was filed by appellees to the first cause of action, and was properly sustained by the court, over appellants' objection and exception, upon the ground that neither an eviction nor a total failure of title was alleged.

Appellees filed an answer to the complaint denying the material allegations of fraud.

The cause was submitted upon the pleadings, testimony adduced by the respective parties, and instructions of the court, which resulted in a verdict for appellees, and a consequent judgment dismissing appellants' complaint, from which is this appeal.

Appellants' first contention for a reversal of the judgment is that the undisputed testimony showed that it was represented to them by appellees that Cox Stores held a lease upon part of the property by the terms of which they were to pay $60 per month for the use thereof for a period of five years from the date of the lease, which induced them to purchase the property; whereas, it contained a provision authorizing the Cox Stores to make two deductions of $150 each, with interest, from the rents, one October 21, 1924, and the other June 1, 1925, which they were required to pay. A. B. Lammers, one of the appellants, testified on direct examination that George F. Walz, who acted for appellees in selling him said property, represented to him as a fact that he would get $60 a month out of the Cox Stores lease if he bought the property; that witness relied on this statement in making the purchase, and would not have bought the property had he known of the rent deduction clause in the lease. Witness said, on cross-examination, that Walz' statement as to the rent was not the thing that induced him to buy the property; that, before the abstract had been completed, he went to see Mr. Cox about the lease, and was informed by him that he was to pay $60 a month for the property; that he did not ask Mr. Cox to see the lease, or for a copy of the same at that time.

G. F. Walz testified that he had received information from a former owner of the property and from Mr. Cox that Cox had leased the property and was to pay $60 a month for it; that he understood the amount of $60 would be paid for the remainder of the lease term; that he told appellants where he had received the information, and that he had no personal knowledge of the terms of the lease; that Cox was occupying the property at the time he sold it to Lammers; that he had no intention whatever of misrepresenting the terms of the lease, and was as much surprised as appellants when a copy of the lease was procured by them, showing the rent reduction clause therein; that he did not represent as a fact that appellants would get $60 a month if they bought the

property, but did say he had received such information from Cox and the former owners.

J. C. Brittain testified that he tried to get a copy of the lease for appellants, but was unable to do so before the sale was consummated. .

The rule governing fraudulent representations was accurately laid down in the case of *Cotner* v. *Bangs,* 137 Ark. 397, 209 S. W. 81, in the following language:

"The law upon the subject has been frequently announced in numerous decisions of this court, and is as follows: 'In order for representations to be fraudulent in law, they must be material to the contract or transaction, and must be made by one who either knows them to be false, or else, not knowing, asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect.' "

We think the record presents a disputed question of fact, under this rule, as to whether Walz knowingly misrepresented the terms of the lease, or, not knowing, asserted as a fact that appellants would receive $60 a month under the terms thereof during the lease period, for the purpose of inducing appellants to buy the property, and that the misrepresentations had that effect. Appellants were not therefore entitled to a directed verdict for the amount for which they sued appellees.

Appellants also contend for a reversal of the judgment because the court instructed the jury that, before they could recover, it would be necessary for them to show that appellees made false representations, or else, not knowing whether true, asserted them to be true with the intention of deceiving them.

Appellants are correct in this contention, for, under the rule, one would be responsible for misrepresentations so made, whether he intended to deceive the party to whom made or not, provided the party acted upon and had a right to rely upon the representations. The cause should have been submitted to the jury under instructions drawn in accordance with the rule announced in the case

of *Cotner* v. *Bangs, supra,* and approved in the cases of *Wood* v. *Jones,* 151 Ark. 619, 237 S. W. 99, and *Bell* v. *Fritts,* 161 Ark. 371, 256 S. W. 53.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.