[Civ. No. 4984.   Third Appellate District.—January 2, 1934.]

ANNA L. TREGONING, Respondent, v. H. A. REYNOLDS et al., Appellants.

Taft & Spurr for Appellants.

Hale McCowen, Jr., for Respondent.

JAMISON, J., *pro tem.*—This action was brought by plaintiff to recover from defendants unpaid rent. Judgment was rendered for plaintiff. Defendants moved for a new trial and for an order vacating the judgment, and said motions being denied, they appealed. This appeal was brought up on the judgment-roll alone, although evidence was introduced at the trial.

Respondent alleges in her complaint that on the eighteenth day of August, 1927, she leased to appellants for the term of five years 600 acres of land at an annual rental of $1800, said rent payable in advance as follows: $900 on October 1, 1927, and $900 on the first day of April, 1928, and $900 on the first day of October and April of each year thereafter.

Appellants answered, alleging that the respondent, while appellants were occupying the said premises as lessees, entered into and upon said premises and burned down the slaughter-house and tallow-press, entered into and took possession of a dwelling-house, both of which were located on said leased premises, and entered upon said premises and removed wood and gravel therefrom, and made repairs upon said dwelling-house, and assumed possession and control thereof; and by way of cross-complaint alleged that they were damaged by the said acts of plaintiff in the sum of $600, and asked judgment therefor.

Respondent answered the said cross-complaint; admitted that she burned the said slaughter-house; but alleged that this was done with the consent of the tenants.

The court found the appellants failed to pay the installment of rent that was due April 1, 1932, and that on or about that date they voluntarily abandoned the said premises. That respondent did not consent to nor accept the surrender of same, but that for the purpose of minimizing the damage caused by the said abandonment, and with the consent of appellants, she relet said premises and received payment for such reletting in the sum of $187.50. That about April, 1931, she destroyed said slaughter-house because it was so old and out of repair as to be unsafe for use and could not be restored. That she did not take possession of any dwelling-house on said premises, but simply repaired an old unoccupied dwelling-house. That by and with the consent of appellants a third person built a cabin on the said leased premises and occupied same, removed driftwood from the beach in front of said premises, and also rock and gravel from a quarry thereon.

That respondent did not assume control or possession of any part or portion of the said premises, and did nothing to render the said premises unfit or unsuitable for occupancy, in whole or in part, for the purposes for which they were leased. That appellants remained in the actual possession of the said premises, and had the beneficial enjoyment thereof from October 1, 1927, until April 1, 1932.

It is the contention of appellants that the said acts of respondent amounted to an eviction, that justified them in abandoning the leased premises. But it is well settled that to constitute a constructive eviction it is essential that the acts complained of result in depriving the lessee of a substantial, as distinguished from an insignificant or inconsequential portion of the leased premises. (15 Cal. Jur., p. 680; *North Pacific S. S. Co.* v. *Terminal Inv. Co.*, 43 Cal. App. 182 [185 Pac. 205]; *Veysey* v. *Moriyama*, 184 Cal. 802 [195 Pac. 662, 20 A. L. R. 1363]; *Kelley* v. *Long*, 18 Cal. App. 159 [122 Pac. 832].)

It does not appear that respondent, by any of her acts, interfered with a substantial part of the demised premises, or that they rendered the premises unfit for the purposes for which they were demised, or deprived appellants of the beneficial enjoyment of the leased premises. (*Riechhold* v. *Sommarstrom Inv. Co.*, 83 Cal. App. 173 [256 Pac. 592].) The general rule, however, relating to a con-

structive eviction is that any disturbance of the tenant's possession by the landlord whereby the premises are rendered unfit or unsuitable for occupancy, in whole or in a substantial part, for the purposes for which they were leased, amounts to a constructive eviction, if the tenant so elects and surrenders his possession. (16 R. C. L., p. 686; *Riechhold* v. *Sommarstrom Inv. Co., supra.*) But there can be no constructive eviction if the tenant continues in the possession of the whole, however much he may be disturbed in the beneficial enjoyment. (*Coen* v. *City of Los Angeles,* 70 Cal. App. 752–766 [234 Pac. 426] ; *Veysey* v. *Moriyama, supra.*)

The trial court found that in April, 1931, the respondent destroyed the old slaughter-house, which was a year before appellant abandoned the leased premises. The record is silent as to when the other acts of respondent complained of were committed.

While it is true the lease provided that the appellants should peaceably and quietly have and hold and enjoy the said premises for the term therein provided, we fail to find that any of the acts of respondent amounted to a breach of this covenant. There is nothing indicating that respondent assumed control of any part of the leased premises, and did nothing to render the said premises unfit or unsuitable for occupancy, in whole or in part, for the purposes for which they were leased. The dwelling-house that was repaired was unoccupied, and there is nothing indicating that such repairs in any way inconvenienced appellants, nor does it appear that the old slaughter-house that was destroyed by respondent was used, or intended to be used, by appellants, or in any manner interfered with their enjoyment of said premises, and as to the cabin that was erected upon said leased premises, and the taking therefrom of wood and gravel by a third party, it appears that these things were done with the consent of subtenants of appellants, and there is no showing that they interfered in any way with appellants' use of said premises.

In Taylor's Landlord and Tenants, ninth edition, section 309–a, page 377, the rule is thus stated: "The rule is that while an eviction was originally a dispossession of the tenant by some act of the landlord, or by failure of the latter's title, it has now come to include any wrongful act of

the landlord, either of commission or omission, which may result in a substantial interference with the tenant's possession or enjoyment, in whole or in part.''

We are of the opinion that the said acts of respondent did not constitute an eviction of appellants from the said leased premises. We do not find any conflict in the findings of the court, as contended by appellants.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 1, 1934.