[No. 222-3.   Division Three.   February 17, 1971.]

W. DEREK BRINE et al., *Appellants*, v. ROGER BERGSTROM et al., *Respondents*.

*E. R. Whitmore, Jr.* (of *Whitmore & Whitmore*), for appellants.

MUNSON, C.J.—On June 9, 1969 plaintiffs, Derek and Marjorie Brine, leased to defendants, Roger and Lea Bergstrom, certain property upon which the latter conducted a restaurant operation. The lease was to run for a period of 5 years with monthly payments due on the 9th day of every month. On January 19, 1970 defendants gave plaintiffs notice of termination of the lease. The following day plaintiffs accepted defendants' notice and demanded possession of the premises. Defendants refused and plaintiffs brought an unlawful detainer action seeking: (1) possession of the property, (2) rent from January 9 to January 20, and (3) double the rent due from January 21 to February 10, the day the unlawful detainer action was tried. After trial to the court, judgment was entered: (1) restoring plaintiffs to possession, (2) awarding them damages— rent from January 9 to February 10, and (3) awarding

defendants attorney's fees as provided for in the lease.[1] Plaintiffs appeal from that portion of the judgment denying them double rent from January 20, 1970 to February 10, 1970 and allowing defendants attorney's fees.

The only record before this court is plaintiffs' summons and complaint, the trial court's findings of fact, conclusions of law, and judgment. Defendants did not appeal, nor did they appear in response to plaintiffs' appeal.

Plaintiffs' sole contention is that the findings of fact do not support the conclusions of law and judgment. We agree.

The trial court concluded, among other things:

> That the defendants did not unlawfully detain the premises but were constructively evicted [from the restaurant] by virtue of the condition of the roof.

This conclusion was based upon the following finding:

> That the roof of the premises developed leaks permitting water to seep into the ceiling and along the walls of portions of the premises, and to drip onto the nickelodeon and onto one dining booth, thereby rendering portions of the premises unsuitable for occupancy for the purposes for which the premises was [sic] rented.

A necessary element of constructive eviction is vacation of the premises by the tenant. *Buerkli v. Alderwood Farms,* 168 Wash. 330, 11 P.2d 958 (1932); *Cline v. Altose,* 158 Wash. 119, 290 P. 809, 70 A.L.R. 1471 (1930). The court found, however, defendants were still in possession of the premises at the time of trial. This finding vitiates the trial court's conclusion as to constructive eviction.

Although an appellate court may affirm the judgment of the trial court upon any theory within the pleadings and the proof, *Herron Northwest, Inc. v. Danskin,* 78 Wn.2d

---

[1] "That the lease to the premises between the parties provided in part, as follows:

'In the event legal action shall be brought upon this lease, the prevailing party shall, in addition to his costs, be entitled to a reasonable attorney's fee;'

that a reasonable attorney's fee for this action is in the amount of $150.00."

500, 476 P.2d 702 (1970), *Stratton v. U. S. Bulk Carriers, Inc.,* 3 Wn. App. 790, 796, 478 P.2d 253 (1970), and the above-quoted portion of the findings potentially describes a partial actual eviction,[2] there are no findings that plaintiffs had a duty under the lease to repair the leaky roof or the date when the leaky roof first occurred. Without these additional findings, we cannot uphold the trial court's conclusion of law regarding an eviction.

■ However, even if a partial actual eviction occurred justifying defendants' failure to pay their rent January 9, 1970, their refusal to vacate the premises after the mutual termination of the lease on January 20, 1970 constitutes an unlawful detainer from the latter date. Plaintiffs are entitled to an additional $633 as damages attributed to this period of time.

At the time the action was brought, the lease had been terminated. The award to defendants of attorney's fees pursuant thereto was improper.

Judgment of the trial court is reversed and the case remanded for entry of conclusions of law and judgment in accordance with this opinion.

GREEN and EVANS, JJ., concur.

---

[2]*Income Properties Inv. Corp. v. Trefethen,* 155 Wash. 493, 284 P. 782 (1930), *Andersonian Inv. Co. v. Wade,* 108 Wash. 373, 184 P. 327 (1919); see *East Haven Assoc., Inc. v. Gurian,* 313 N.Y.S.2d 927, 64 Misc.2d 276 (1970), *Barash v. Pennsylvania Terminal Real Estate Corp.,* 26 N.Y.2d 77, 308 N.Y.S.2d 649, 256 N.E.2d 707 (1970), *Goldberg v. Cosmopolitan Nat'l Bank,* 33 Ill. App. 2d 83, 178 N.E.2d 647 (1961), *System Terminal Corp. v. Cornelison,* 364 P.2d 91 (Wyo. 1961); 52 C.J.S. *Landlord & Tenant* § 480 (1968).