EUNICE GILLETTE, Plaintiff-Appellant, *v.* ANN ANDERSON, Defendant-Appellee.

(No. 71-118;

Second District—April 20, 1972.

Warren Fox, of Legal Reference Bureau, of Waukegan, for appellant.

Charles M. May and Edward A. Puisis, both of Waukegan, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff, Eunice Gillette, brought a complaint, in three counts, against her former landlord, Ann Anderson. The trial court granted the motion of the defendant to dismiss all three counts on the grounds that they failed to state a cause of action and this appeal followed.

Count I of the complaint alleged that the plaintiff rented a three room apartment in Waukegan from the defendant from May 15, 1968 to October 12, 1969 pursuant to an oral lease between them and paid her the agreed rental of $135.00 for each month she remained in possession. It further alleged that the Waukegan building code, in effect at the time, provided that no person could let a dwelling unit that did not contain a bath tub or shower in good working condition and that the apartment rented by the plaintiff had no such facilities. The plaintiff sought damages of $60.00 a month, or $960.00 for the 16 months she rented the unit, for the "* * * violation of the * * * ordinance and contractual obligations."

Count II alleged that the plaintiff was unable to find other housing in the Waukegan area during the particular time of the lease and that the failure to provide the tub or shower amounted to a constructive eviction and sought recovery of all the rent paid, being $2,160.00 Count III alleged that the defendant's failure to provide separate bathing facilities was a breach of a duty owed the plaintiff and sought damages in tort in the amount of $10,000.00.

Section 19.04 of the Waukegan General Ordinances, in effect during the time period of the plaintiff's tenancy, provided in part as follows:

"19.04 MINIMUM STANDARDS FOR BASIC EQUIPMENT AND FACILITIES. No person shall let to another for occupancy any dwelling or dwelling unit for the purpose of living, sleeping, cooking or eating therein which does not comply with the following requirements: * * *.

C) *Bath.* Every dwelling unit * * * shall contain, within a room that affords privacy to a person within said room, a bathtub or a shower in good working condition and properly connected to a water and sewer system approved by the Health Officer."

■■ It is not alleged in Count I that the oral lease between the parties included any express agreement that the landlord would furnish a private bath with the premises. However, a liberal reading of that count can support the position that the lease included an implied covenant of habitability that was breached by the landlord when he failed to furnish the facilities required by the ordinance. Under the common law, a landlord had no implied duty to repair or maintain the premises demised to his tenant and, except in certain circumstances, there was no such thing as

an implied covenant of habitability. It was assumed that the tenant had examined the premises and accepted them as is and that any necessary repairs or maintenance would be done at his expense.

In the case of *Longenecker v. Hardin,* 264 N.E.2d 878, a tenant raised, as an affirmative defense to his landlord's suit for rent, the violation of certain sections of the Housing Code of Chicago. The pertinent section of the code provided, p. 879:

"No person shall occupy as owner-occupant or shall let or hold out to another for occupancy any dwelling or family unit, for the purpose of living therein, which is not safe, clean, sanitary and fit for human occupancy, and which does not comply with the particular requirements of sections 78—17.1 through 78—17.8 of this chapter."

The tenant then specified those sections of the code that were violated by his landlord and contended that, as a result, the lease was invalid and unenforceable. The trial court struck the affirmative defense (and others not pertinent to our case) and entered judgment for the back rent. The Appellate Court for the First District reversed and held, at p. 882, that the tenant "should have the opportunity to present evidence to show that the premises were in substantial violation of  *  *  *" the housing code. In support of that determination the court cited several cases to the effect that a violation of a statutory authority could invalidate a lease.

In the recent cases of *Jack Spring, Inc. v. Little* and *Sutton & Peterson, Inc. v. Price,* consolidated for opinion and reported at 50 Ill.2d 351 (Docket No. 71430), our Supreme Court considered two cases where a landlord obtained possession of certain demised premises under the provisions of the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1969, ch. 57.) The tenants had raised, by way of affirmative defenses, a breach by their landlords of their express promise to repair the premises and a breach of an implied warranty or covenant of habitability in that the premises violated certain provisions of the Chicago building code. Those affirmative defenses, and others, were stricken on the motions of the landlords, and the trial court entered judgment for possession in both cases.

The Supreme Court discussed at some length the doctrine of implied warranty of habitability and quoted extensively from the case of *Javins v. First National Realty Corporation,* 428 F.2d 1071. In that case, the Court of Appeals for the District of Columbia held that there was an implied warranty of habitability in the rental of multiple family dwellings and that the standards of that warranty were those set out in the housing regulation of the District of Columbia. Our court concluded:

"We find the reasoning in *Javins* persuasive and we hold that included in the contracts, both oral and written, governing the tenancies of the defendants in the multiple family dwellings occupied by them, is an implied warranty of habitability which is fulfilled by substantial compliance with the pertinent provisions of the Chicago building code."

██ Although the application of the implied warranty was expressly limited to similar factual situations, it appears to be applicable to the case before us. On the basis of that doctrine, the oral lease between Eunice Gillette and Ann Anderson included an implied warranty of habitability and the standards of that warranty would be those standards set forth in those sections of the ordinances of Waukegan related to housing. Since Count I of the Complaint alleged a violation of those ordinances, it stated a cause of action based on the theory of implied warranty of habitability and should not have been stricken.

██ A constructive eviction has been defined as "something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the premises." (*Morgan v. Cook,* 213 Ill.App. 172, 175: *Estate of Corbin v. McKey and Poague, Inc.* 245 N.E.2d 117, 118.) Ordinarily, there can be no constructive eviction unless the tenant surrenders possession or abandons the premises and if he continues to occupy them it is considered a waiver of the right to abandon. (*Harmony Cafeteria Co. v. International Supply Co.* 249 Ill. App. 532, 538.) Count II failed to allege any facts that could be considered a constructive eviction and, of course, the conclusionary allegation that one did, in fact, occur was insufficient. Therefore, we are of the opinion that Count II was properly dismissed.

██ Count III of the complaint is based on the theory that the housing code established a standard duty of care on all owners of rented dwellings and that the failure of the defendant to conform to that standard was *prima facie* evidence of negligence. An ordinance violation can be considered *prima facie* evidence of negligence but only if the ordinance is a public safety measure designed for the protection of human life or property. *Gula v. Gawel,* 71 Ill.App.2d 174, 182; *Bell v. Willoughby Tower Bldg. Corp.,* 46 Ill.App.2d 45, 47.

██ As far as we can determine, the reported cases have limited the doctrine of negligence *per se* to those situations where the ordinance was designed to prevent a condition of actual physical hazard. The absence of a private bath, however deplorable otherwise, does not, in our opinion, constitute a hazard in itself to the physical well being of the tenants provided some bathing facilities are available.

We therefore conclude that the trial court properly dismissed counts II and III of the complaint for failure to state a cause of action and will affirm that portion of the judgment order. Count I was, however, improperly dismissed and we reverse that portion of the order and remand the cause for further proceedings not inconsistent with the view contained herein.

Affirmed in part, reversed in part and remanded.

MORAN and GUILD, JJ., concur.