Memorandum. Final judgment in favor of tenant unanimously reversed, without costs, and case remanded to the court below for a trial de novo.
*346 Untenantability of a portion of the demised premises as opposed to physical expulsion therefrom does not give rise to a partial actual eviction (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77; Self Serv. Furniture Fair v 450 Realty Corp., 114 NYS2d 774) and since tenant herein did not vacate the premises, a constructive eviction cannot be claimed (Barash v Pennsylvania Term. Real Estate Corp., supra). In view of the foregoing, the landlord was entitled to the amount demanded as rent in the petition. However, the court below also found that the landlord breached certain covenants in the lease, a breach that was the subject of a setoff interposed by tenant. Although the tenant failed to adduce any evidence tending to establish the damages sustained thereby, the deficiency in proof may be remedied and, therefore, a new trial should be had for a fuller development of the facts.
Concur: Hogan, P.J., Pittoni and Farley, JJ.