TRACE X CHEMICAL, INC. *v.*
HIGHLAND RESOURCES, INC., ET AL

78-292                                        579 S.W. 2d 89

Opinion delivered April 9, 1979
(In Banc)

*E. E. Maglothin, Jr.,* for appellant.

*Hamilton H. Singleton* and *Dennis L. Shackleford* of *Shackleford, Shackleford & Phillips,* P.A., for appellees.

. Frank Holt, Justice. Appellee Highland brought suit alleging that appellant, its lessee, had breached various lease agreements and sought possession and damages for accrued rent. Appellant answered and counterclaimed alleging compliance with the lease agreements and asserted that appellee Highland was the party who had breached the leases. By counterclaim appellant sought damages for improvements made by it to the leased premises and requested that the cause be transferred to a court of law. Appellee Highland filed a motion for summary judgment, stating that there was no issue of fact as to the breach of the leases since both parties had alleged a breach. The chancellor granted Highland's motion, finding that both had alleged breaches and that, based upon those allegations the lease agreements were terminated. Possession of the property was awarded to appellee Highland with the right to remove appellant's property from the premises. The chancellor transferred the issues of liability and damages to the circuit court for determination. Hence this appeal.

We first consider appellee Highland's motion to dismiss this appeal, asserting that the chancellor's order is not appealable. We hold that the order is appealable since it concluded the parties' rights to possession of the property. See *Ark. Hwy. Comm'n.* v. *Kesner,* 239 Ark. 270, 388 S.W. 2d 905 (1965); and *Johnson* v. *Johnson,* 243 Ark. 656, 421 S.W. 2d 605 (1967). Accordingly, we deny appellees' motion to dismiss.

We next discuss appellant's contention that the court erred in granting a summary judgment and awarding appellee Highland possession of the property. A summary judgment, being an extreme remedy, should only be granted when it is clear there is no issue of fact to be litigated; and, before one is entitled to a summary judgment, it is incumbent upon the movant, here the appellee, to show there is no existence of a fact issue. *Robinson* v. *Rebsamen Ford, Inc.,* 258 Ark. 935, 530 S.W. 2d 660 (1975). The object of a summary judgment is not to try the issue but to determine if there are issues to be tried. *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W. 2d 76

(1969). If there is any doubt whatever, it should be denied. *Southland Ins. v. Northwestern Nat'l. Ins. Co.* 255 Ark. 802, 502 S.W. 2d 474 (1973).

Here, as noted, appellee Highland alleged, *inter alia,* that appellant had breached in various ways the lease agreements between them. Appellant denied that allegation and alleged that appellee Highland was the breaching party. Appellees argue that appellant conceded that the leases had been breached in its response to the motion for summary judgment and supporting brief, where it made the statement: "True, there may not be a question that the leases have been breached . . . Both . . . allege in their pleadings that the leases have been breached . . . This fact may not be controverted." We do not agree that this was a concession that no controversy existed; appellant merely recognized the fact that it "might not," which is different from saying that it "does not" exist. Each alleged a different basis of a breach or breaches. The issue was which one breached the leases. An issue is not decided simply because both parties to a lawsuit allege the same conclusion of law. Here, both or either party could fail to meet the required burden of proof to show that the other breached the leases.

Appellant sought in its counterclaim to have the entire case transferred to a court of law. The chancellor, as indicated, after granting Highland possession of the property based upon its motion for summary judgment, transferred the remaining issues of liability and damages to a court of law. Since we hold the motion for summary judgment was incorrectly granted, we are of the view that the entire cause should be transferred to a court of law.

Reversed and remanded.

Fogleman, J., dissents.

John A. Fogleman, Justice, dissenting. Many years ago, this court was admonished not to reverse a case for an error that is not prejudicial, i.e., does not affect a substantial right of any party. Ark. Stat. Ann. § 27-1160 (Supp. 1977). No citation of authority is necessary to show that we have, on

hundreds of occasions, given heed to the admonition. I do not concede that there was any error in the action of the trial court here, but if there was, it was not only harmless, it was innocuous, insignificant and trivial. The reversal in this instance is purely ceremonial and wholly unnecessary.

The trial court transferred the issues of liability and damage to the circuit court. The majority holds that the summary judgment was incorrect and that the entire case should be transferred to a court of law. There really is no difference at all in what the chancery court did and what the majority says should be done.

The trial court held that there had been a breach of the lease contract. It left the question of *liability* to be determined by the trial court. The question of liability depends entirely upon the answer to the question, "Who breached the contract?" Who says the contract was not breached? Appellant does not; appellees do not; the trial court does not; and this court does not. Beyond the shadow of a doubt, the lease contract has been breached. Each of the parties contended that the lease was terminated by the other's breach. This may be the only thing on which the parties agree, but they certainly agree upon that and there is not one word in their pleadings to indicate that they did not. What was wrong with the chancery court's saying so?

Highland's suit was one in unlawful detainer dressed in declaratory judgment clothing. It alleged that the lease had been breached by appellant and sought possession by mandatory injunction to appellant to remove its property from the leased premises. All the relief sought could have been obtained through an unlawful detainer action, without a mandatory injunction, an equitable remedy granted only when there is no adequate remedy at law and, actually, when there is no other remedy in equity.

Text writers have spoken clearly on the subject of mandatory injunction. See 43 CJS 751, Injunctions § 8, where we find:

> *** While it has been said that the granting of mandatory injunctions is governed by the same rules as the

granting of preventative injunctions, mandatory injunctions are viewed as harsh remedial process, and are not favored by the courts.

Indeed, mandatory injunctions are rarely granted; and it has been noted that the courts are more reluctant to grant a mandatory injunction than a prohibitory one, that the requirements for the issuance of a mandatory injunction are stricter than for issuance of a prohibitory one, and that generally an injunction will not lie except in prohibitory form. . .

\* \* \* \*

While mandatory injunctive relief may be appropriate in a clear case, and, indeed, will not issue except on the clearest equitable grounds, even if the right is clear, it does not follow that a mandatory injunction must be granted. In fact, such relief will be issued only in cases of extreme, great, or urgent necessity, or compelling circumstances, where the right invaded is material and substantial, and where adequate redress at law is not afforded, or where the injury is not compensable in damages.

And see, 42 Am. Jur. 2d 751, Injunctions § 20, where it is said:

\*\*\* The basic principles upon which the mandatory and prohibitory injunctions are granted do not differ materially, although the courts are perhaps more reluctant to interpose the mandatory injunction. It has been said that relief by mandatory injunction is not regarded with judicial favor and is used only with caution and in cases of great necessity. A mandatory injunction, it is said, should be granted only under compelling circumstances. When the court is thus asked to undo something that has been done, it must, for obvious reasons, act in a careful and conservative manner and grant the relief only in situations which so clearly call for it as to make its refusal work a real and serious hardship and injustice; otherwise, it may inflict on the defendant

the very irreparable injury which it is alleged he has done or is about to do against the plaintiff.

The case should never have been in the equity court.

Then the court held that Highland was entitled to possession. All parties agree by their pleadings that Highland is entitled to possession. Highland brought the suit seeking a mandatory injunction as the instrument for obtaining possession by removing appellant's property from the premises. Appellant alleges that there has been a breach of the covenant for quiet enjoyment by Highland. It also alleges that it has been constructively evicted by the actions of Highland. Perhaps appellant has used two means of saying the same thing. In any event, retention of possession is inconsistent with the allegations of appellant's pleadings and appellant does not allege that it is in possession. Appellant seeks only to be relieved of its obligations under the lease and to recover damages for breach of the covenant of quiet enjoyment and for constructive eviction.

The concepts of constructive eviction and breach of the covenant for quiet enjoyment are very closely related, if not just different names for the same concept. An excellent discussion of the relationship between the covenant of quiet enjoyment and constructive eviction can be found in *Reste Realty Corp. v. Cooper*, 53 NJ 444, 251 A. 2d 268 (1969). Portions of that discussion follow:

> The great weight of authority throughout the country is to the effect that ordinarily a covenant of quiet enjoyment is implied in a lease [Citations omitted.] . . . Where there is such a covenant, whether express or implied, and it is breached substantially by the landlord, the courts have applied the doctrine of constructive eviction as a remedy for the tenant. Under this rule any act or omission of the landlord or of anyone who acts under authority or legal right from the landlord, or of someone having a superior title to that of the landlord, which renders the premises substantially unsuitable for the purpose for which they are leased, or which seriously interferes with the beneficial enjoyment of the premises, is

a breach of the covenant of quiet enjoyment and con-
stitutes a constructive eviction of the tenant.

Another discussion of the relationship between the two
principles can be found in *Petroleum Collections Inc.* v. *Swords*, 48
Cal. App. 3d 841, 122 Cal. Rptr. 114 (1975). That court was
faced with the appeal of the action by the lessor's assignee
against the lessee for rent due and owing. The trial court held
for the lessee and the court of appeals held that, although the
covenant of quiet enjoyment had been breached by the
lessor's removing a large advertising sign from the premises
without adequate replacement, the lessee was not relieved of
the obligation to pay rent because he and his sublessee
remained in possession of the premises after removal of the
sign. From the opinion:

> It has long been the rule that in the absence of
> language to the contrary, every lease contains an im-
> plied covenant of quiet enjoyment. . .

*****

> If, on the other hand, the tenant elects to surrender
> possession of the premises, a *constructive* eviction occurs
> at that time and, as in the case of an actual eviction, the
> tenant is relieved of his obligation to pay any rent which
> accrues thereafter . . . It is this doctrine, known as the
> doctrine of constructive eviction, " . . . which expanded
> the traditional 'covenant of quiet enjoyment' from simp-
> ly a guarantee of the tenant's possession of the premises
> to a protection of his 'beneficial enjoyment' of the
> premises . . ."

> Stated in another manner, the covenant of quiet
> enjoyment is not broken until there has been an actual
> or constructive eviction; an actual eviction takes place
> when the tenant is physically dispossessed of the proper-
> ty; a constructive eviction occurs when the act of
> molestation merely affects the beneficial use of the
> property, causing the tenant to vacate the premises. If
> the tenant is evicted or if he surrenders possession of the
> premises within a reasonable time after the act of

molestation has occurred, he is relieved of his obligation to pay rent accruing as of the date he surrendered; he also may sue for his damages or plead damages by way of offset in an action brought against him by the landlord to recover any unpaid rent that accrued prior to the surrender of the premises. [Citations omitted.] *If, in the case of an interference with the tenant's beneficial enjoyment of the premises, the tenant does not surrender the premises within a reasonable time after the date of the interference, he is deemed to have waived his right to abandon; what constitutes a reasonable time is a question of fact to be determined by the trier of fact after considering all of the circumstances.* [Citations omitted.] [Emphasis mine.]

Arkansas cases on the subject are sparse, but in harmony with the majority view expressed above. In *Dupree* v. *Worthen Bank & Trust Co.*, 260 Ark. 673, 543 S.W. 2d 465, we recognized that, in the absence of language to the contrary, every lease contains an implied covenant of quiet enjoyment, citing *Petroleum Collections, Inc.* v. *Swords*, supra. In *Smiley* v. *Thomas*, 220 Ark. 116, 246 S.W. 2d 419, the court cited an earlier case which apparently recognized the covenant for the quiet enjoyment of land. Although the *Smiley* case was concerned with the alleged breach of the covenant of warranty of title, the opinion contains the following quote:

> *** This court held in *Gibbons* v. *Moore*, 98 Ark. 501, 136 S.W. 937, (Headnote 3): "A covenant for quiet enjoyment of land is a covenant which runs with the land, for breaches whereof the grantee, his heirs or assigns, may sue as if it were expressly inserted in the conveyance." (Headnote 4) "Same — When Broken. — A covenant for quiet enjoyment *** was broken where a title paramount to that of the grantee's was held valid in a suit against them to which their grantor was a party," ..

Although not explicit in the *Gibbons* opinions, it appears that the court felt that eviction from the premises was a necessary element of a breach of the covenant for quiet enjoyment, as evidenced by the following language: "Appellee having been brought into a suit against appellants on their motion as a

voucher, in which a title paramount to theirs received from said appellee was held valid and they were evicted by judgment therein from said lands, the breach of the covenant of quiet enjoyment and warranty created by the statute was established."

It is well established that there can be no constructive eviction if the tenant continues in possession. Black's Law Dictionary, De Luxe 4th Edition, contains the following definition of constructive eviction:

Any disturbance of the tenant's possession by the landlord whereby the premises are rendered unfit or unsuitable for occupancy in whole or in substantial part for the purposes for which they were leased amounts to a constructive eviction, *if the tenant so elects and surrenders his possession.* [Emphasis mine.] [Citing *Murray* v. *Merchants' Southwest Transfer & Storage Co.,* 98 Okla. 270 255 P. 547, 549.]

From 52 CJS 289, Landlord & Tenant § 445, there is this:

An eviction may be constructive in character, and a constructive eviction is some act of a permanent character which, although not amounting to an actual eviction, is done by the landlord or someone under his authority with the intention and effect of depriving the tenant of the beneficial enjoyment of the demised premises, or some part thereof, or materially obstructing or interfering with such enjoyment, and *to which the tenant yields by abandoning possession within a reasonable time. It involves a surrender of possession by the tenant on justifiable grounds* rather than a deprivation of actual occupancy. A claim of constructive eviction is only an election to terminate a lease because of a breach thereof. [Emphasis mine.]

Proceeding to 52 CJS 293, Landlord & Tenant § 447 (b), I read:

In order to constitute an eviction by a landlord, the tenant must cease to retain possession of the premises, and either he must be dispossessed or he must abandon

the premises because of the landlord's acts or omissions; *there is no eviction where he continues in possession . . .* [Emphasis mine.]

And further, at 52 CJS 306, Landlord & Tenant § 457, I find:

Constructive eviction of a tenant by his landlord requires that the tenant abandon, vacate or surrender possession of the premises. Accordingly, it is held that there is no constructive eviction where the tenant continues in possession, however much he may be distrubed in the beneficial enjoyment of the premises; *nor is there a constructive eviction where the tenant is conducting litigation and seeking to remain in possession of the premises.* [Emphasis mine.]

And from 49 Am. Jur. 2d 318, Landlord & Tenant § 303, the following:

Abandonment of premises by the tenant within a reasonable time after the wrongful act of the landlord is essential to enable the tenant to claim a constructive eviction based upon that wrongful act, or to defend against liability for rent, on account of such act. *However much the tenant may be disturbed in the beneficial enjoyment of the premises by the landlord's wrongful act, there is no constructive eviction if he continues in possession of the whole of the premises. Possession must be given up by the tenant in consequence of the landlord's act,* and those acts must be such as to justify the tenant in doing so. [Emphasis mine.]

It seems quite obvious from a reading of these passages that retention of the possession of leased premises is wholly inconsistent with a claim of constructive eviction. In *Lori, Limited* v. *Wolfe,* 85 Cal. App. 2d 54, 192 P. 2d 112 (1948), the lessor sought to have a lease reformed in order to prevent assignment or subletting. The lessee filed a cross-complaint, praying for declaratory judgment, an injunction and damages. The plaintiff appealed from an unfavorable judgment. The trial court found that the waiver of a right the appellant had under the lease relating to the sale of intoxicating beverages on the premises constituted a construc-

tive eviction. The court of appeals disagreed. From the opinion:

> *** *In order that there be a constructive eviction it is essential that the tenant should vacate the property. There is no constructive eviction if the tenant continues in possession of the premises however much he may be disturbed in the beneficial enjoyment.* Veysey v. Moriyama, *184 Cal. 802, 805, 195 P. 662, 20 ALR 1363;* Tregoning v. Reynolds, *136 Cal. App. 154, 157, 28 P. 2d 79.* [Emphasis mine.]

In *Steinberg* v. *Medical Equipment Rental Services, Inc.,* 505 S.W. 2d 692 (Tex. Civ. App. 1974), that court set out the four essential elements of constructive eviction. They are:

> (1) an intention on the part of the landlord that the tenant shall no longer enjoy the premises, which intention may be inferred from the circumstances; (2) a material act by the landlord or those acting for him or with his permission that substantially interferes with the use and enjoyment of the premises for the purpose for which they are let; (3) the act must permanently deprive the tenant of the use and enjoyment of the premises; (4) *the tenant must abandon the premises within a reasonable time after the commission of the act.* [Emphasis mine.]

And finally from *Reste Realty Corp.* v. *Cooper,* supra, in which the relationship between the covenant for quiet enjoyment and constructive eviction was first pointed out herein, the court said:

> *** *The general rule is, of course, that a tenant's right to claim a constructive eviction will be lost if he does not vacate the premises within a reasonable time after the right comes into existence* . . . 1 American Law of Property, § 3.51, p. 282. What constitutes a reasonable time depends upon the circumstances of each case. [Emphasis mine.]

Although dealing with the concept of warranty of title under Texas law in *Elliott* v. *Elliott,* 252 Ark. 966, 482 S.W. 2d 123, we also dealt with constructive eviction, saying:

*** We have concluded that they correctly contend that before there can be any recovery for breach of warranty [of title] under Texas law [the opinion also held that the law was the same in Arkansas, citing *Lammers v. American Southern Trust Co.,* 172 Ark. 1013, 291 S.W. 437], there must have been an eviction, a surrender of possession to the one asserting a paramount title or a purchase of paramount title asserted, but that one who remains in possession, and successfully defends his title is not evicted, actually or constructively.

For other cases supporting the proposition that a tenant must abandon or vacate the leased premises before he can claim constructive eviction, see generally: Annot., 91 ALR 2d 638; *Indiana State Highway Com'n. v. Pappas,* 349 N.E. 2d 808 (Ind. App. 1976); *Lippman v. Harrell,* 39 Ill. App. 3d 308, 349 N.E. 2d 511 (1976); *Thompson v. Shoemaker,* 7 N.C. App. 687, 173 S.E. 2d 627 (1970); *Gillette v. Anderson,* 4 Ill. App. 3d 838, 282 N.E. 2d 149 (1972); *Meerbaum v. Crepes D'Asie, Inc.,* 85 Misc. 2d 345, 378 N.Y.S. 2d 874 (1975); *Brine v. Bergstrom,* 4 Wash. App. 288, 480 P. 2d 783 (1971); *McNabb v. Taylor Oil Field Rental Co.,* 428 S.W 2d 714 (Tex. Civ. App. 1968); *Sewell v. Hukill,* 138 Mont. 242, 356 P. 2d 39 (1960); *Richards v. Dodge,* 150 So. 2d 477 (Fla. App. 1963); *Venters v. Reynolds,* 354 S.W. 2d 521 (Ky. 1961); *McNally v. Moser,* 210 Md. 127, 122 A. 2d 555 (1956); *Maki v. Nikula,* 224 Ore. 180, 355 P. 2d 770 (1960); *Candell v. Western Federal Savings & Loan Association of Denver,* 156 Col. 552, 400 P. 2d 909 (1965); *Yaffe v. American Fixture, Inc.,* 345 S.W. 2d 195 (Mo. 1961); *E. B. Jones Motor Co. v. Niedringhaus,* 323 S.W. 2d 31 (Mo. App. 1959); *Baker v. Simonds,* 79 Nev. 434, 386 P. 2d 86 (1963); *Weiss v. I. Zapinsky, Inc.,* 62 N.J. Super. 351, 167 A. 2d 802 (1961).

So, from either party's view, Highland was entitled to possession. Why should the court not have said so? What issue remained as to possession?

A partial summary judgment specifying the facts not in issue is permissible when there is no material justiciable issue as to those particular facts on which the judgment is rendered or order made. Ark. Stat. Ann. § 29-211 (d) (Repl. 1962). Actually we have held that it is error for the trial court to *fail* to specify facts that appear to be without controversy. *Young v.*

*Dodson,* 239 Ark. 143, 388 S.W. 2d 94. The summary judgment was partial and covered only those matters as to which there can be no issue, i.e., that the lease had been breached and Highland is entitled to possession. The remaining issues, liability and damages, were transferred to law. What error did the trial court commit? I submit, none. What substantial right of any parts has been affected? Again, I say none. In substance, if not in form, the chancellor did what we have said he should do.

I would affirm the decree.